### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KIMBERLY ANN HENNY, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|   vs. | ) | **Case No. 24-cv-1108** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     **Defendant.** | ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, an inmate in the custody of the Federal Bureau of Prisons ("BOP") housed at the Metropolitan Correctional Center in Chicago, Illinois, files an Amended Complaint under 42 U.S.C. § 1983 regarding alleged violations at the Federal Prison Camp in Pekin, Illinois ("FPC Pekin"). (Doc. 17). This cause is before the Court for a merit review. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff names the United States as the sole Defendant. Plaintiff seeks injunctive relief for the alleged failure of the BOP "to maintain their statutory duty under 18 U.S.C. 4042(a)(2) and (3), (6), (7), and 18 U.S.C. 3631-3635, and 18 U.S.C. 3624 and 18 U.S.C. 3621." (Doc. 17 at p.

11). Specifically, Plaintiff asks this Court to order the BOP to "cease all operations at FCP Pekin until such time as the BOP can correct the unsafe conditions and maintain their statutory duty…." *Id.* at p. 12.

## ANALYSIS

"[T]he FTCA constitutes a limited waiver of the United States' sovereign immunity, which allows individuals to pursue actions against the federal government for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Watkins v. United States*, 854 F.3d 947, 948 (7th Cir. 2017) (quoting 28 U.S.C. § 2675(a)); *see also Glade v. United States*, 692 F.3d 718, 721 (7th Cir. 2012) ("The [FTCA] makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee.").

The FTCA only waives sovereign immunity where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C § 1346(b); *see also* 28 U.S.C. § 2674 ("The United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances…."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1995) ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."). Specifically, the FTCA provides that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Cognizable claims under the FTCA include those that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful

2

act or omission of any employee of the [g]overnment; (5) while acting within the scope of his office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

The Court notes that Plaintiff has not stated a plausible claim under the FTCA for alleged violations of federal statutes. *See Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[T]he FTCA was not intended as a mechanism for enforcing federal statutory duties."); *Johnson v. Sawyer*, 47 F.3d 716, 728 (5th Cir. 1995) (en banc) (FTCA does not apply where the alleged negligence "arises out of the failure of the United States to carry out a [federal] statutory duty"); *Klett v. Pim*, 965 F.2d 587, 589 (8th Cir. 1992) ("The violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA. [F]ederally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, unless state law imposes a similar obligation upon private persons."). Therefore, Plaintiff's request for injunctive relief under the FTCA for FCP Pekin's alleged failure to comply with federal statutes is denied. Consequently, Plaintiff's Complaint is dismissed.

Plaintiff was transferred to the Metropolitan Correctional Center after she filed her Amended Complaint. (Doc. 19). As a result, it appears Plaintiff's request for injunctive relief based on alleged violations at FCP Pekin would be moot. However, if Plaintiff believes she can revise her pleading to state a cause of action, she may file a Motion for Leave to File a Second Amended Complaint and attach her Second Amended Complaint as an exhibit to the motion. The Court does not accept piecemeal amendments; Plaintiff's Second Amended Complaint must stand independently without reference to her previous pleadings and contain all claims against all defendants. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388,

389 (1971) (holding that a victim can seek damages in federal court for constitutional violations committed by federal officers); *see also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file a Second Amended Complaint. Failure to file a Second Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)      The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:  5/15/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge